# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-02224-NYW-STV

RLI INSURANCE COMPANY,

    Plaintiff/Counter-Defendant,

v.

MARJAN BARNES, individually and as personal representative of the Estate of Michael Stanley Barnes,
KELCI BARNES,
CAITLIN BARNES, and
CORI BARNES,

    Defendants/Counter-Plaintiffs.

---

# MINUTE ORDER

Entered by Judge Nina Y. Wang

    This matter is before the Court on the Motion for Partial Reconsideration and for Fed. R. Civ. P. 54(b) Certification (the "Motion" or "Motion for Reconsideration") filed on October 21, 2024 by Plaintiff RLI Insurance Company ("Plaintiff" or "RLI"). [Doc. 45]. Defendants have responded in opposition to the Motion. *See* [Doc. 47].

    On September 23, 2024, this Court entered a Memorandum Opinion and Order denying Plaintiff's Motion for Summary Judgment. *See generally* [Doc. 41]. Relevant here, the Court concluded in its Order that a policy exclusion was ambiguous, such that Plaintiff was not entitled to summary judgment on its declaratory judgment claim seeking a declaration that there is no coverage under the subject insurance policy. [*Id.* at 17]. The Court further concluded that "because Plaintiff's arguments related to Defendants' counterclaims [were] based solely on a purported lack of coverage under the physical contact exclusion, *see* [Doc. 24 at 16–18], Plaintiff [was] similarly not entitled to summary judgment on Defendants' counterclaims" for breach of contract, unreasonable delay or denial, or bad faith. [Doc. 41 at 17].

    ***Reconsideration.*** Plaintiff now asks this Court to reconsider its September 23 Order insofar as it denied summary judgment in Plaintiff's favor on Defendants' counterclaims of bad faith and unreasonable delay or denial. [Doc. 45 at 1–2]. Plaintiff contends that "the Court misperceived RLI's argument on these claims as being completely tied to its argument on the coverage issue." [*Id.* at 6]. Specifically, it argues that aside from arguing that it was entitled to summary judgment on Defendants'

counterclaims because "without a breach [of contract], there is no-bad faith breach," *see* [Doc. 24 at 17], it "*also* sought summary judgment independently based on the argument that because RLI had a reasonable basis to deny coverage, there could be no finding of bad faith under Colorado law," [Doc. 45 at 4]; *see also* [*id.* at 6 ("RLI's summary judgment briefing made clear, however, that RLI was seeking summary judgment on the statutory and common-law bad-faith claims on a second, independent basis: the reasonableness of RLI's coverage decision.")]. RLI asserts that the Court "addressed only one of two arguments that RLI asserted in support of its entitlement to summary judgment" on the bad faith claims. [*Id.* at 8].

In their response, Defendants argue that reconsideration is not warranted because "there are disputed issues of fact whether RLI's handling of [their] claim for UIM benefits was reasonable." [Doc. 47 at 11]. They do not, however, identify those disputed issues of fact. *See* [*id.*].

The Federal Rules of Civil Procedure do not expressly contemplate motions for reconsideration. *See Hatfield v. Bd. of Cnty. Comm'rs*, 52 F.3d 858, 861 (10th Cir. 1995). As a general principle, courts grant motions to reconsider where there is "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "Motions to reconsider are generally an inappropriate vehicle to advance 'new arguments, or supporting facts which were available at the time of the original motion.'" *Spring Creek Expl. & Prod. Co., LLC v. Hess Bakken Inv. II, LLC*, No. 14-cv-00134-PAB-KMT, 2015 WL 3542699, at *2 (D. Colo. June 5, 2015) (quoting *Servants of the Paraclete*, 204 F.3d at 1012). Nor is it appropriate to "advance arguments that could have been raised in prior briefing." *Servants of Paraclete*, 204 F.3d at 1012. "[T]he decision to grant reconsideration is committed to the sound discretion of the district court." *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995).

The Court respectfully disagrees with Plaintiff that it misapprehended Plaintiff's argument. In its Motion for Summary Judgment, Plaintiff argued:

> <u>Because the no-physical-contact limitation provided an unambiguous and clearly applicable bar to coverage, RLI had a reasonable basis to support its coverage denial</u>. <u>Because it had a reasonable basis</u>, as a matter of law, its decision to deny coverage cannot be a basis for liability under Colo. Rev. Stat. § 10-3-1115 and cannot be a basis for a common-law bad-faith claim either. Therefore, the Court should grant summary judgment to RLI on the Barnes Defendants' counterclaims.

[Doc. 24 at 17–18 (emphasis added)]. In other words, Plaintiff's argument that there was no coverage under the policy was part and parcel of its argument that it therefore had a reasonable basis to deny coverage. Plaintiff did not make any meaningfully developed or obvious argument that *even if* the exclusion was ambiguous, its own interpretation of the policy was reasonable and was a proper basis to deny coverage. *See generally* [*id.*].

2

It was not this Court's duty to construct or expand Plaintiff's arguments, *see Parker v. Commissioner*, No. 23-3237, 2024 WL 3688733, at *1 (10th Cir. Aug. 7, 2024), and reconsideration of the Court's Order is not warranted to provide Plaintiff a second chance to assert a clearer or more developed argument.

With that said, the Court acknowledges that "a bad faith claim must fail if, as is the case here, coverage was properly denied and the plaintiff's only claimed damages flowed from the denial of coverage." *MarkWest Hydrocarbon, Inc. v. Liberty Mut. Ins. Co.*, 558 F.3d 1184, 1193 (10th Cir. 2009). It is not currently clear to the Court whether Defendants' bad faith counterclaims are so limited. Plaintiff asserts that they are, *see* [Doc. 45 at 4], but Defendants' bad faith claim, for example, alleges that RLI acted unreasonably by, inter alia, "[e]ngaging in conduct prohibited by C.R.S. §§ 10-1-101 and 10-3-1104(1)(h), [Doc. 14 at 12 ¶ 41(c)]; *see also* Colo. Rev. Stat. § 10-3-1104(1)(h) (identifying "[u]nfair claim settlement practices" under Colorado law). It would not be in the interest of judicial economy to proceed to a trial on Defendants' bad faith counterclaims if, as Plaintiff suggests, Defendants' bad faith claims are based solely on the denial of coverage and bad faith can be decided as a matter of law. *See Vaccaro v. Am. Fam. Ins. Grp.*, P.3d 750, 759 (Colo. App. 2012) ("What constitutes reasonableness under the circumstances is ordinarily a question of fact for the jury. However, in appropriate circumstances, as when there are no genuine issues of material fact, reasonableness may be decided as a matter of law.").

While the Court is not typically inclined to permit a party a second opportunity to raise arguments that could have been more robustly raised in the first instance, *cf. Servants of Paraclete*, 204 F.3d at 1012, the Court finds it appropriate to permit Plaintiff to file a limited second motion for summary judgment, only with respect to Defendants' bad faith counterclaims and only addressing (1) whether Defendants' bad faith claims are based solely on the denial of coverage and (2) if so, whether summary judgment in Plaintiff's favor on those counterclaims is appropriate. Accordingly, Plaintiff is sua sponte **GRANTED** leave to file a second motion for summary judgment, limited to the issues identified above. **To facilitate an appropriate framing of the issues and to ensure that the Parties and the Court have adequate notice of Defendants' theories of bad faith, counsel must meet and confer to ascertain any theory that Defendants are proceeding on for their bad faith claims prior to filing any further dispositive motions**.

***Rule 54(b) Certification.*** Plaintiff also asks the Court to certify its September 23 Order under Rule 54(b). [Doc. 45 at 9]. This rule permits a district court to "direct entry of final judgment as to one or more, but fewer than all, claims" where "the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). There are "three prerequisites" for Rule 54(b) certification: there must be "(1) multiple claims; (2) a final decision on at least one claim; and (3) a determination by the district court that there is no just reason for delay." *Jordan v. Pugh*, 425 F.3d 820, 826 (10th Cir. 2005). Whether to grant Rule 54(b) certification is within the trial court's discretion. *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980).

3

Plaintiff argues that these prerequisites are met here, asserting that the Court's Order "effectively resolved the claim for declaratory relief asserted in RLI's Complaint." [Doc. 45 at 10]. However, an "effective" resolution of a claim is not the same as final resolution of a claim. "To be final for purposes of Rule 54(b), an order must be 'final' in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Jordan*, 425 F.3d at 826 (cleaned up). "It is axiomatic that denial of a motion for summary judgment does not dispose of [a claim] and that issues remain for resolution." *Meyer v. Stern*, 599 F. Supp. 295, 296–97 (D. Colo. 1984).

As a result, the Court respectfully disagrees that Rule 54(b) certification is appropriate because no claim in this case has been finally resolved. Moreover, the Court would not find it otherwise appropriate to certify the Order under Rule 54(b). Defendants have not yet filed any dispositive motion in this case, and the Court has granted Plaintiff leave to file a second motion for summary judgment. Because this case could potentially be fully resolved during the next round of summary judgment briefing, Rule 54(b) certification would be premature.

For all of these reasons, Plaintiff's Motion is respectfully **DENIED**.

Accordingly, **IT IS ORDERED** that:

(1) The Motion for Partial Reconsideration and for Fed. R. Civ. P. 54(b) Certification [Doc. 45] is **DENIED**;

(2) The dispositive motion deadline is **RESET** to **December 16, 2024** for all Parties; and

(3) Plaintiff is granted leave to file a second motion for summary judgment **limited to the issues identified by the Court after a robust conferral with Defendants' counsel**.

DATED:  November 8, 2024